# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARLOS D. LINDSEY,**

    Plaintiff,

-vs-                                                    **Case No. 16-CV-75**

**CO LUCAS RUNICE, SGT. OVERBO,
TIMOTHY HAINES, and JEROME SWEANEY,**

    Defendants.

# SCREENING ORDER

The *pro se* plaintiff, a Wisconsin state prisoner, filed a complaint alleging that the defendants violated his civil rights. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The prisoner lacks the funds to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in

law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

- 2 -

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint Allegations

The plaintiff is incarcerated at the Wisconsin Secure Program Facility (WSPF). The defendants are: Correctional Officer Lucas Runice; Sergeant Overbo; Waupun Correctional Institution Warden Timothy Haines; and Security Director Jerome Sweeney.

The plaintiff alleges that on June 11, 2013, he informed Sergeant Overbo that he had several pills and was about to overdose on the pills. Several minutes later, Officer Runice approached the plaintiff's cell and demanded to see the pills. The plaintiff showed Officer Runice the pills. Then the plaintiff took the pills while Runice watched. The plaintiff had to be rushed to a local hospital for medical care.

Officer Runice issued the plaintiff a conduct report, charging him with Disobeying Orders, Attempted Battery, and Misuse of Prescription Medication. Defendant Sweeney approved the conduct report. The plaintiff was found guilty of the charges and received a penalty of 360 days disciplinary segregation and restitution of $1,923.29 for the hospital charges. Warden Haines approved the penalty.

The plaintiff claims that defendants Runice and Overbo failed to take the necessary steps to prevent him from overdosing, in violation of the Eighth Amendment. He also claims that defendants Haines and Sweeney violated his Eighth Amendment rights because they failed to properly train prison

officials on how to respond to an inmate who is displaying suicidal behavior. The plaintiff also claims that defendant Hines issued him the conduct report, and that defendant Sweeney approved the conduct report, in retaliation for the plaintiff's exercise of his First Amendment right to express his suicidal thoughts and feelings.

For relief, the plaintiff seeks declaratory and injunctive relief. He also seeks monetary damages.

## Discussion

The Court finds that the plaintiff may proceed on an Eighth Amendment deliberate indifference to risk of suicide claim against defendants Runice and Overbo, and on a failure to train claim against defendants Haines and Sweeney. Moreover, the plaintiff may proceed on his retaliation claim at this early stage. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.").

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court,

- 5 -

copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The

Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**